MEMORANDUM **
Whiteway and similarly situated plaintiffs (“Center Managers”) appeal a district court order granting summary judgment to Defendant-Appellee FedEx Kinko’s Office and Print Services, Inc. (“FedEx Kin-ko’s”). We have jurisdiction under 28 U.S.C. § 1291 and reverse. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.
We review de novo the district court’s grant of summary judgment. McDonald v. Sun Oil Co., 548 F.3d 774, 778 (9th Cir.2008). To succeed on a motion for summary judgment, the movant must first demonstrate “that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c). If the mov-ant meets this initial burden, the nonmov-ant must then demonstrate summary judgment is not appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To make such a showing, the nonmovant must go beyond the pleadings to designate specific facts showing a genuine issue for trial. Id. An issue is genuine “if the evidence is such that a reasonable jury could return a verdict for the non-moving party.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In conducting the summary judgment analysis, all justifiable inferences are to be drawn in the non-moving party’s favor. Id. at 255, 106 S.Ct. 2505.
Reviewing the evidence in the light most favorable to the Center Managers, as we must at this stage, see Colan v. Mesa Petroleum Co., 951 F.2d 1512, 1518 (9th Cir.1991), we conclude that the Center Managers’ tendered evidence was sufficient to establish a genuine issue of material fact regarding whether the Center Managers were realistically expected to spend at least half their time on exempt tasks. FedEx Kinko’s bore the burden of establishing that Center Managers were *689 “primarily engaged in duties that meet the test of the exemption.” Sav-On Drug Stores, Inc. v. Superior Court, 34 Cal.4th 319, 324, 17 Cal.Rptr.3d 906, 96 P.3d 194 (2004). The evidence tendered by the Center Managers — including declarations of class members and expert rebuttal of FedEx Kinko’s statistics — was sufficient to create a genuine issue of material fact as to whether the Center Managers were “primarily engaged” in exempt tasks. For this reason, we must reverse the grant of summary judgment. We do not reach any other issue presented by the parties.
In remanding this case, we do not preclude the district court from reconsidering its decision to certify the class (or, if it elects to proceed with the case as a class action, from creating subclasses). The presentation by the parties on appeal created some question as to the commonality of the asserted claims.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.